UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 0:20-cr-244 (PAM/KMM) |
| Plaintiff, | |
| v. | **ORDER** |
| Tayrel Lamar Rulford, | |
| Defendant. | |

This matter is before the Court on the parties' motions for discovery and disclosure. The Court held a hearing on the motions on June 1, 2021, at which the government and Mr. Rulford were represented by counsel. Based on the parties' submissions and the arguments at the hearing, the Court enters the following Order.

1. **Government's Motion for Discovery Pursuant to Federal Rules of Criminal Procedure 16(b), 12.1, 12.2, 12.3, and 26.2 [ECF No. 33]**

Pursuant to several Rules of Criminal Procedure, the government seeks discovery and disclosures from Mr. Rulford. The government's requests include discovery regarding documents and tangible objects; reports of examinations and tests; expert testimony; any alibi defense; any insanity defense or defense based on mental illness; any claim of public authority; and witness statements. The government's motion is **GRANTED** to the extent that Mr. Rulford shall provide discovery as required by the applicable Rules of Criminal Procedure.

2. **Mr. Rulford's Motion to Produce 404(b) Evidence [ECF No. 25]**

Mr. Rulford moves the Court for an order directing the government to immediately disclose any "bad act" or "similar course of conduct" evidence it intends to offer at trial through Federal Rule of Evidence 404(b). The government does not object to making disclosures as required by Rule 404(b), but asserts it has no obligation under the rule to disclose such evidence immediately. Upon the request of a defendant, Rule 404(b) requires the government to provide reasonable notice. The government suggests that it provide Rule 404(b) notice 14 days in advance of trial. Mr. Rulford's motion is **GRANTED** to the extent that it seeks the government's disclosures in accordance with Rule 404(b), but **DENIED** to the extent that it seeks such disclosures immediately. The government shall make the disclosures required by Rule 404(b) at least **three weeks prior to trial.**

3. **Mr. Rulford's Motion for Discovery and Inspection [ECF No. 26]**

Mr. Rulford seeks an order requiring the government to produce discovery pursuant to Federal Rule of Criminal Procedure 16. The government does not oppose the motion to the extent that Mr. Rulford seeks information the government is required to produce or make available for inspection under the Rules. Mr. Rulford's motion is **GRANTED**.

4. **Mr. Rulford's Motion for Discovery of Expert Evidence Under Rule 16(a)(1)(G) [ECF No. 27]**

Mr. Rulford seeks an order requiring the government to disclose and provide a written summary of any expert testimony it intends to use at trial pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. The government does not object. Mr. Rulford's motion is **GRANTED** to the extent that the government shall disclose

expert testimony as required by Rule 16(a)(1)(G). All expert disclosures in this matter shall be made at least **thirty days prior to trial**.

    5. **Mr. Rulford's Motion for Disclosure of Evidence Favorable to the Defense [ECF No. 28]**

Mr. Rulford moves the Court for an order compelling the government to disclose evidence favorable to the defense pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); and their progeny. The government states that it is aware of its obligations under the relevant case law and will continue to comply with its responsibilities, but the government opposes the motion to the extent Mr. Rulford seeks information that is not contemplated by the case law. The motion is **GRANTED**. The government shall make disclosures as required by *Brady*, *Giglio*, and their progeny **within seven days of this Order** and shall promptly disclose any such evidence it later acquires.

    6. **Mr. Rulford's Motion for Early Disclosure of Jencks Act Material [ECF No. 30]**

Mr. Rulford seeks an order requiring the government to disclose Jencks Act materials at least one week prior to the start of trial. The government opposes the motion but states that it is willing to disclose any promises or agreements between it and its testifying witnesses immediately prior to trial.

The Jencks Act provides that statements or reports of government witnesses shall not "be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500(a). Accordingly, Mr. Rulford's motion for early disclosure is **DENIED**. However, the Court notes the government's offer to provide such materials prior to the commencement of trial and encourages the government

to provide such evidence even sooner to avoid any unnecessary delays and ensure the fairness of any trial in this matter.

    **IT IS SO ORDERED**.

Date: June 24, 2021

                                                  *s/Katherine Menendez*
                                                  Katherine Menendez
                                                  United States Magistrate Judge