UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 20-244 (PAM/KMM) |
| Plaintiff, | |
| v. | **MEMORANDUM AND ORDER** |
| Tayrel Lamar Rulford, | |
| Defendant. | |

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Katherine M. Menendez dated August 20, 2021. (Docket No. 59.) The R&R recommends denying Defendant Tayrel Lamar Rulford's Motion to Suppress Eyewitness Identifications. (Docket No. 31.)[1] Defendant filed timely objections to the R&R (Docket No. 60) and the Government responded to those objections (Docket No. 61). The matter is now ripe for this Court's review, which is de novo. 28 U.S.C. § 636(b)(1); D. Minn. L.R. 72.2(b). For the following reasons, the Court adopts the R&R.

**BACKGROUND**

The full factual background in this matter is set forth in the thorough R&R and will not be repeated here. Defendant challenges the Magistrate Judge's conclusion that the

---

[1] Defendant brought two additional Motions to Suppress. (Docket Nos. 29, 32.) The Court has reviewed the record, and notes that Defendant withdrew his Motion to Suppress evidence (Docket No. 32) because there was no such evidence to suppress. Defendant's Motion to Suppress any statements he made (Docket No. 29) is moot because the Government will not use any of Defendant's statements in its case in chief. Both Motions will therefore be denied as moot.

show-up identification procedure the police used to secure his identification by four eyewitnesses was unduly suggestive and irreparably violated his due-process rights.

**DISCUSSION**

Our Constitution provides "a due process check on the admission of eyewitness identification, applicable when the police have arranged suggestive circumstances leading the witness to identify a particular person as the perpetrator of a crime." Perry v. New Hampshire, 565 U.S. 228, 232 (2012). As the R&R recognized, the use of show-up procedures, where only one individual is presented to an eyewitness for identification, is "inherently suggestive" and may violate the suspect's due-process rights. United States v. Hadley, 671 F.2d 1112, 115 (8th Cir. 1982). But "[a]n identification infected by improper police influence . . . is not automatically excluded." Id. Rather, when evaluating law enforcement's use of a show-up, the Court must carefully examine the facts and circumstances to determine, first, whether the procedure employed was suggestive and unnecessary, Perry, 565 U.S. at 238-39, and second, whether there was a "substantial likelihood of misidentification." Id. at 239. The second inquiry involves weighing "indicators of a witness' ability to make an accurate identification" against the "corrupting effect of law enforcement suggestion." Id. (alteration omitted).

The R&R determined, and the parties do not dispute, that the show-ups in this case were suggestive. The R&R then assumed without deciding that the show-ups were also unnecessary, and the parties do not seriously challenge this assumption. Finally, the R&R determined that the indicia of reliability of the witnesses' identifications outweighed any

2

potential corrupting effect of the show-up procedure, and thus that the show-ups did not violate Rulford's constitutional rights. Rulford disagrees with this last conclusion.

As multiple courts have noted, the Supreme Court has found "that pretrial identification procedures violated the Due Process Clause only once." Sexton v. Beaudreaux, 138 S. Ct. 2555, 2559 (2018). Indeed, the Supreme Court has repeatedly emphasized that, even if law enforcement uses unnecessarily suggestive procedures, "suppression of the resulting identification is not the inevitable consequence." Perry, 565 U.S. at 239. The key to the inquiry is always whether the eyewitness's identification is reliable.

> [T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

The R&R properly applied the Biggers factors and correctly determined that the eyewitnesses' identifications of Rulford were reliable enough to outweigh the inherently suggestive show-up procedure law enforcement employed. Most if not all of the four eyewitnesses had face-to-face contact with the perpetrator, and because of the circumstances, all were highly attentive to him. Their descriptions of him, aside from a few minor discrepancies, were remarkably consistent, and were also consistent with the surveillance video of the perpetrator. Two of the eyewitnesses were so sure that Rulford was the perpetrator that they identified him as such immediately, and all witnesses were

very confident in their identification. Finally, the amount of time between the events and the show-up procedure was short—under three hours. As the R&R found the indicia of reliability in this case far outweighs the suggestive nature of the procedure used, and the witnesses' identification is sufficiently reliable to be admissible at trial.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court **ADOPTS** the R&R (Docket No. 59);

2. Defendant Tayrel Lamar Rulford's Motion to Suppress Eyewitness Identifications (Docket No. 31) is **DENIED**;

3. Defendant Tayrel Lamar Rulford's Motion to Suppress Statements (Docket No. 29) is **DENIED without prejudice as moot**; and

4. Defendant Tayrel Lamar Rulford's Motion to Suppress Evidence (Docket No. 32) is **DENIED as moot**.

Date:  Thursday, September 30, 2021

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge